IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MURPHY WARD, } | |
| TDCJ-CID NO.561777, } | |
| Plaintiff, } | |
| v. } | CIVIL ACTION H-09-2759 |
| R. QUADA, *et al.*, } | |
| Defendants. } | |

OPINION ON DISMISSAL

Plaintiff Murphy Ward, an inmate incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ-CID") proceeding *pro se* but not *in forma pauperis*, has filed a complaint alleging violations of his civil rights under 42 U.S.C. § 1983 and the Americans with Disabilities Act ("ADA"). (Docket Entry No.1). For the reasons to follow, the Court will dismiss the complaint pursuant to 28 U.S.C. § 1915A.

I. BACKGROUND

Plaintiff alleges the following events gave rise to the pending complaint: Plaintiff had back surgery on March 29, 2007. (Docket Entry No.1, page 16). On April 3, 2007, he was released from the University of Texas Medical Branch ("UTMB") to the Wynne Unit of TDCJ-CID. (*Id.*). On April 4, 2007, plaintiff submitted a sick call request after he fell while trying to access his cell locker by climbing on the edge of his bunk. (*Id.*). On April 5, 2007, Physician's Assistant Powers examined plaintiff and determined that plaintiff should receive a medical storage box; Powers issued a computerized statement authorizing TDCJ officials to issue such box to plaintiff for 180 days. (*Id.*).

Plaintiff contacted Robert Quada in the Wynne Law Library, who is the designated TDCJ official in charge of issuing legal storage boxes under TDCJ's access to court

policy. (*Id.*, pages 16-17). On May 7, 2007, Quada denied plaintiff's request because plaintiff did not qualify for such box.[1] (*Id.*). On May 30, 2007, a specialist at UTMB recommended that plaintiff be issued a storage box. (*Id.*, page 21). Plaintiff contacted Quada a second time and Quada again refused to issue a box. (*Id.*, page 25). Plaintiff contacted Dr. Julye on June 12, 2007, and she placed an order regarding the box in his file and instructed plaintiff to get the paper-work for her signature. (*Id.*, page 25). Quada again refused to issue the box because plaintiff was ineligible to apply for the same under TDCJ policy because ninety days had not expired from the last denial. (*Id.*). On June 27, 2007, plaintiff was issued a medical storage box. (*Id.*, page 26).

On November 21, 2007, Dr. Hamdi Reze Abbasi, a surgeon at UTMB, advised plaintiff that he had reinjured his back and would need another surgery. (*Id.*, page 18). The surgery was performed on December 3, 2007. (*Id.*). Plaintiff claims defendants' acts and omissions are the proximate cause of the back condition, which required him to undergo another back surgery in December. (*Id.*, page 13). Plaintiff claims that on April 24, 2008, an MRI showed another bulging disk, which was not present before the first surgery. (*Id.*, page 18).

Plaintiff seeks nominal, compensatory, and punitive damages from defendants on grounds that defendants violated the Eighth Amendment's prohibition against cruel and unusual punishment, the Fourteenth Amendment's rights to due process and equal protection, and the ADA by their denial of a medical storage box and their failure to investigate his grievances and to supervise and train TDCJ employees. (*Id*. page 15).

---

[1] Plaintiff grieved the denial three times. He was informed in response to Step 2 Grievance No.2007151092 dated August 1, 2007, that Dr. Julye denied his request for a medical storage box on April 13, 2007. (Docket Entry No.1., page 22). He was informed in response to Step 2 Grievance No. 2007164506, dated August 15, 2007, that the lock box was issued on June 26, 2007. (*Id.*, page 24). In the response to Step 2 Grievance No. 2007171941, dated August 21, 2007, he was informed that Dr. Julye did not approve his request for a box in April, that he could resubmit another request in 180 days, and that he had been issued a box on June 27, 2007. (*Id.*, page 26).

## II. STANDARD OF REVIEW

The complaint in this case is governed by the Prison Litigation Reform Act ("PLRA"). The PLRA requires that the district court review a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). On review, the Court must identify cognizable claims or dismiss the complaint or any portion thereof, if the court determines that the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). In conducting that analysis, a prisoner's *pro se* pleading is reviewed under a less stringent standard that those drafted by an attorney and is entitled to a liberal construction that includes all reasonable inferences, which can be drawn from it. *Haines v. Kerner*, 404 U.S. 519 (1972); *Alexander v. Ware*, 714 F.2d 416, 419 (5th Cir. 1983).

A complaint may be dismissed as frivolous if it lacks any arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges violation of a legal interest which clearly does not exist." *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999). A review for failure to state a claim is governed by the same standard used to review a dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Newsome v. EEOC*, 301 F.3d 227, 231 (5th Cir. 2002).

Rule 12(b)(6) must be read in conjunction with Rule 8(a) of the Federal Rules of Civil Procedure, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "While

a complaint . . . does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Id.* (internal citations and quotations omitted). A plaintiff must allege enough facts to state a claim to relief that is "plausible" on its face. *Id*. at 570. A claim is facially plausible when a "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, --- U.S. ----, ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*.

## III. DISCUSSION

A plaintiff seeking relief under 42 U.S.C. § 1983 must establish two essential elements: that the conduct complained of was committed under color of state law, and that the conduct deprived the plaintiff of rights secured by the Constitution or laws of the United States. *Hernandez v. Maxwell*, 905 F.2d 94, 95 (5th Cir. 1990). Plaintiff's pleadings fail to show that he is entitled to relief under § 1983.

### A. Robert Quada

#### 1. American With Disabilities Act

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, program, or activities of a public entity or be subjected to discrimination by any such entity. 42 U.S.C. § 12132. To establish a claim under the ADA, the plaintiff must show (1) that he is a qualified individual under the Act; (2) that he is being excluded from participation in or

being denied benefits of services, programs, or activities for which the defendants are responsible, or that he is otherwise being discriminated against by the defendants; and (3) that this exclusion, denial of benefits, or discrimination is by reason of the disability. *Lightbourn v. County of El Paso, Texas*, 118 F.3d 421, 428 (5th Cir. 1997). Title II of the ADA applies to state prison facilities and state prison services. *See Pennsylvania Dep't of Corrections v. Yeskey*, 524 U.S. 206, 210 (1998).

As a preliminary matter, plaintiff cannot recover from Quada in his individual capacity under the ADA. *See Gonzales v. City of Corpus Christi*, No. 05-280, 2005 WL 3058168 at *7 (5th Cir. Nov. 9, 2005) (holding that Title II of the ADA does not contemplate holding officers liable in their individual capacities). Accordingly, plaintiff's ADA claim against R. Quada in his individual capacity is subject to dismissal.

Moreover, to the extent that plaintiff has asserted a claim against Quada in his official capacity for violating the ADA, such claim is also subject to dismissal. Plaintiff states no facts to show that Quada's denial of the medical storage box was by reason of plaintiff's disability. Plaintiff asserts in one of his grievances that Quada said "I will disallow as many storage containers as I can." (Docket Entry No.1, page 21). Assuming that plaintiff is a qualified individual under the ADA and that he was denied a benefit by Quada, his pleadings do not show that Quada denied him a medical storage box because of plaintiff's disability. Accordingly, plaintiff's ADA claim against Quada is subject to dismissal.

### 2. Cruel and Unusual Punishment

Plaintiff claims that Robert Quada did not inform him that the Physician Assistant's request to issue a medical box had been declined until a month after he submitted the

request in early April, 2007. Plaintiff claims that Quada indicated in his response that "medical says you failed to qualify for a medical storage box." (Docket Entry No.1, page 17). Plaintiff grieved the denial and was informed that Dr. Julye had denied his request for a medical storage box on April 13, 2007. (*Id.*, pages 21-22). Plaintiff contends that he continued to file grievances until he was given a box on June 27, 2007, while Quada was on vacation or leave. (*Id.*, page 17).

Denying or delaying access to medical care can constitute deliberate indifference to the medical needs of an inmate, as can interfering with treatment once prescribed. *See, e.g., Estelle v. Gamble*, 429 U.S. 97, 105 (1976); *Harris v. Hegmann*, 198 F.3d 153, 159 (5th Cir. 1999); *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993). To establish deliberate indifference, the plaintiff must show that a prison official knew that the plaintiff "face[d] a substantial risk of serious harm and disregard[ed] that risk by failing to take reasonable measures to abate it." *Farmer*, 511 U.S. at 847. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. at 837.

In this case, plaintiff's pleadings and attachments show that defendant Quada denied plaintiff's request for a medical storage box even though the Physician's Assistant ordered one because Dr. Julye indicated that one was not medically necessary. Quada was not deliberately indifferent to a risk of substantial harm because he relied on Dr. Julye's judgment and not the judgment of the Physician's Assistant in denying the request. Even if Quada was aware of plaintiff's back problems, plaintiff cannot show by these facts that Quada knew that plaintiff faced a substantial risk of harm to his back if such box was not issued. Moreover, the Court takes judicial notice that plaintiff has suffered from a back injury since 1972 or 1973, for

6

which he has undergone numerous surgeries. *Murphy v. Simental*, Civil Action No.H-04-3908 (S.D. Tex. June 14, 2007). Although plaintiff claims that he fell a couple of times while waiting on the medical box, he states no facts to show that he suffered specific injuries attributable to Quada's denial of the storage box. That plaintiff had to repeatedly request such a box and to file grievances complaining of the denial of such box does not reflect that Quada or any other defendant was deliberately indifferent to plaintiff's medical needs.

### 3. Due Process and Equal Protection

Plaintiff alleges that Quada's inactions have resulted in violations of due process and equal protection but he states no facts to support these conclusory allegations.

To allege that Quada denied him the equal protection of the law, plaintiff must state facts to show that Quada treated two or more classifications of similarly situated prisoners differently with respect to the issuance of storage boxes, and (2) that this classification had no rational relation to any legitimate governmental objective. *Stefanoff v. Hays County*, 154 F.3d 523, 526 (5th Cir. 1998). Further, he must demonstrate Quada acted with a "discriminatory purpose." *Woods v. Edwards*, 51 F.3d 577, 580 (5th Cir. 1995). "Discriminatory purpose ... implies that the decisionmaker selected a particular course of action at least in part because of, and not simply in spite of, the adverse impact it would have on an identifiable group." *United States v. Galloway*, 951 F.2d 64, 65 (5th Cir. 1992). "[D]isparate impact alone cannot suffice to state an Equal Protection violation; otherwise, any law could be challenged on Equal Protection grounds by whomever it has negatively impacted." *Johnson v. Rodriguez*, 110 F.3d 299, 306 (5th Cir. 1997). Plaintiff makes no allegation that a discriminatory intent in any way motivated Quada to deny him a storage box or that any other inmate has been given deferential treatment

with respect to the same. Therefore, plaintiff's equal protection claim is frivolous and subject to dismissal.

To state a substantive due process claim, plaintiff must allege a deprivation of a constitutionally protected right. *Mikeska v. City of Galveston*, 451 F.3d 376, 379, (5th Cir. 2006). He must then state facts showing that Quada's actions were not "rationally related to a legitimate government interest." *Id*. Plaintiff states no facts to satisfy either prong with respect to Quada's denial of the storage box.

To the extent that plaintiff asserts a procedural due process claim concerning Quada's denial of a storage unit pursuant to TDCJ regulations, "[t]he requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property." *Bd. of Regents v. Roth*, 408 U.S. 564, 569 (1972). The Fifth Circuit has found that TDCJ's facially neutral prison storage space directives do not violate the Due Process Claus. *Guadjardo v. Crain*, 275 Fed. Appx. 290, 291 (5th Cir. 2008); *Duplantis v. Carmona*, 85 Fed. Appx. 397, 398 (5th Cir. 2004). *Long v. Collins*, 917 F.2d 3, 4 (5th Cir. 1990) (addressing earlier version of prison storage regulations). Plaintiff states no facts to show that Quada's actions violated due process.

Accordingly, plaintiff's due process and equal protection allegations against defendant Quada are subject to dismissal.

B All Other Defendants

1. Grievances

Plaintiff alleges that the following defendants subjected him to cruel and unusual punishment, deprived him of due process and equal protection, and violated the ADA, as follows:

1. Assistant Warden Johnson, John/Jane Doe Grievance Investigators, and Shannon Kersh, the Region I Grievance Investigator, failed to investigate plaintiff's grievances regarding the denial of the medical storage box.

2. Frank Hoke, the Access to Courts Program Administrator and R. Quada's immediate supervisor, failed to make the necessary corrections when Grievance No.2007171941 came to his office.

3. V. Barrow engaged in a conspiracy to cover-up the illegal actions of defendant R. Quada by failing to investigate whether plaintiff's complaint had any validity and by failing to personally call the infirmary.

(Docket Entry No.1, pages 6-14).

Such claims are legally frivolous. Plaintiff does not have a federally protected liberty interest in having grievances resolved to his satisfaction. *Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005). Therefore, he states no facts that would give rise to a claim that these defendants violated his right to due process and equal protection, the ADA, and the Eighth Amendment. Moreover, he states no facts to show that any defendant conspired to cover-up the illegal acts of another or that they agreed to commit an illegal act. *See Arsenaux v. Roberts*, 726 F.2d. 1022, 1024 (5th Cir. 1982). His vague and conclusory conspiracy allegations do not justify the granting of relief. *See Wilson v. Budney*, 976 F.2d 957, 958 (5th Cir. 1992).

Accordingly, plaintiff's claims against these defendants are subject to dismissal.

## 2. Failure to Train or Supervise

Plaintiff also alleges that the following defendants subjected him to cruel and unusual punishment, deprived him of due process and equal protection, and violated the ADA, as follows:

1. Dr. Julye failed to oversee her medical staff and to make medical decisions that were not within the parameters of her staff;

2. John Doe, the accreditation monitor for Correctional Managed Care and the insurer for contract medical providers, failed to inspect the medical services provided for disabled inmates and insure access to programs and services;

3. Frank Hoke, the Access to Courts Program Administrator and R. Quada's immediate supervisor, failed to correct Quada's decision to deny the storage box when first authorized;

4. The State of Texas, as the employer to all other defendants, failed to train, supervise, and insure that plaintiff was kept safe and protected from its own employees.

(*Id.*, pages 6-14).

In a § 1983 claim for failure to supervise or train, the plaintiff must show that: "(1) the supervisor either failed to supervise or train the subordinate official; (2) a causal link exists between the failure to train or supervise and the violation of the plaintiff's rights; and (3) the failure to train or supervise amounts to deliberate indifference." *Goodman v. Harris County*, 571 F.3d 388, 395 (5th Cir. 2009) (quoting *Smith v. Brenoettsy*, 158 F.3d 908, 911-12 (5th Cir. 1998)). "For an official to act with deliberate indifference, the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 912 (internal quotation omitted). To establish deliberate indifference, "a plaintiff usually must demonstrate a pattern of violations and that the inadequacy

of the training is obvious and obviously likely to result in a constitutional violation." *Cousin v. Small*, 325 F.3d 627, 637 (5th Cir. 2003) (internal quotation omitted). "[F]or a supervisor to be liable for failure to train, the focus must be on the adequacy of the training program in relation to the talks the particular officers must perform." *Roberts v. City of Shreveport*, 397 F.3d 287, 293 (5th Cir. 2005) (quotations and citation omitted). "[F]or liability to attach based on an 'inadequate training' 'claim, a plaintiff must allege with specificity how a particular training program is defective." *Id.*

In this case, plaintiff states no facts to show that these defendants were personally involved in denying plaintiff a medical storage box; nor does he state facts showing a causal connection between the failure to supervise or train and the alleged violation of his rights. Moreover, he states no facts to show that the failure to supervise or train amounted to deliberate indifference to those rights or to show the deficiencies of any training program.

Accordingly, plaintiff's claims against these defendants are subject to dismissal.

### 3. Personal Involvement

Plaintiff further alleges that Douglas Dretke subjected him to cruel and unusual punishment, deprived him of due process and equal protection, and violated the ADA, but he states no facts to support such claims. "Personal involvement is an essential element of a civil rights cause of action." *Thompson v. Steele*, 709 F.2d 381 (5th Cir. 1983). Plaintiff's claims against Dretke are conclusory and legally frivolous; therefore, they are subject to dismissal.

### CONCLUSION

Based on the foregoing, the Court ORDERS the following:

1. Plaintiff's complaint is DISMISSED with prejudice pursuant to 28 U.S.C. § 1915A.

      2.      All pending motions are DENIED.

The Clerk will provide a copy of this order by facsimile transmission, regular mail, or e-mail to the parties and to the TDCJ - Office of the General Counsel, Capitol Station, P.O. Box 13084, Austin, Texas, 78711, Fax: 512-936-2159.

SIGNED at Houston, Texas, this 27th day of October, 2009.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE